**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN  DIVISION**

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | : <br> : <br> :   Case No.: 4:11-cv-00092-NKL <br> : |
|       Plaintiff, | : <br> : |
|    v. | : <br> : |
| INOVATRADE, INC., | : <br> : |
|       Defendant. | : <br> : <br> : <br> : <br> : <br> : |

## ORDER

On January 26, 2011, the CFTC filed its Complaint for Permanent Injunction, Civil

Monetary Penalty, and Other Equitable Relief (DE#1) (Complaint) against Defendant

InovaTrade, Inc.  The Complaint alleged that InovaTrade had been and continued to be operating

unlawfully as an unregistered retail foreign exchange dealer (RFED) and solicited or accepted

orders from non-Eligible Contract Participants (ECPs) in the United States in connection with

foreign currency (forex) transactions.  The Complaint alleged violations of Section

2(c)(2)(C)(iii)(I)(aa) of the Commodity Exchange Act (Act), as amended by the Food,

Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC

Reauthorization Act of 2008), to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa), and CFTC

Regulation 5.3(a)(6)(i), to be codified at 17 C.F.R. § 5.3(a)(6)(i), and sought injunctive and other

equitable relief and a civil monetary penalty.

1

Because InovaTrade failed to answer or otherwise respond to the Complaint, on March 7, 2011, the CFTC filed a Motion for Entry of Clerk's Default, pursuant to Fed. R. Civ. Pro. 55(a). (DE # 8)  The Clerk entered a default on March 28, 2011.  (DE #9)

The CFTC has submitted its Application for Entry of Default Judgment, Permanent Injunction and Ancillary Equitable Relief Against InovaTrade (Application) pursuant to Federal Rule of Civil Procedure 55(b)(2).  The Court has considered carefully the Complaint, the allegations of which are well-pleaded and hereby taken as true, the Application, and any oppositions thereto, and being fully advised in the premises hereby GRANTS the CFTC's Application and enters the following findings of fact and conclusions of law finding InovaTrade liable as to all violations as alleged in the Complaint.  Accordingly, the Court now issues the following Default Judgment Ordering Permanent Injunction and Ancillary Equitable Relief Against Defendant (Order), which determines that InovaTrade has violated Section 2(c)(2)(C)(iii)(I)(aa) of the Act and Regulation 5.3(a)(6)(i).

The Court finds as follows:

## FINDINGS OF FACT

### I.      JURISDICTION AND VENUE

1.      This Court has jurisdiction over the CFTC's action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006), which authorizes the CFTC to seek injunctive relief against any person whenever it shall appear to the CFTC that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2

2.     The Court has jurisdiction over the conduct and transactions at issue in this case

pursuant to Section 6c of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 13a-1,

and Section 2(c)(2) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2).

3.     Venue properly lies with the Court pursuant to Section 6c of the Act,

7 U.S.C. § 13a-1(e) (2006), in that InovaTrade transacts business in this District and certain

transactions, acts, practices, and courses of business alleged in the Complaint occurred, are

occurring, and/or are about to occur within this District.

## II. Parties

4.     Plaintiff Commodity Futures Trading Commission is a federal independent

regulatory agency charged by Congress with the administration and enforcement of the Act,

7 U.S.C. §§ 1 *et seq.*, and the Regulations thereunder, 17 C.F.R. §§ 1.1 *et seq.*

5.     Defendant InovaTrade, Inc. is a corporation with its principal place of business

located at Torres Las Americas, Punta Pacifica, 15 Floor, Panama City, Panama.  InovaTrade,

Inc. is also an inactive Florida corporation with a last known principal place of business at 7699

Milano Drive, Orlando, Florida, and it lists in its brochure a U.S. business address in Miami

Florida.  InovaTrade has never been registered with the CFTC in any capacity.

## III. Procedural History

6.     On January 26, 2011, the CFTC filed its two-count Complaint against InovaTrade

seeking injunctive and other equitable relief for violations of certain registration provisions of the

Act, as amended by the CRA, and the Regulations.

7.     On January 27, 2011, the CFTC made service of the Complaint and summons on

InovaTrade pursuant to Federal Rule of Civil Procedure 4(h) and Missouri Supreme Court

Rule 54.20(f).  On that date, Michael Alcocer, the CEO of InovaTrade, Inc., visited InovaTrade's

3

virtual office space in Miami, Florida, at 1395 Brickell Avenue, Suite 800. The receptionist for the office offered to hand him a UPS package from the CFTC, which Alcocer looked at and refused to accept. He then terminated InovaTrade's contract for virtual office space at 1395 Brickell Avenue, Suite 800.

8.       InovaTrade was required to answer or otherwise respond to the Complaint on or by February 17, 2011. As reflected in the Court's docket, however, InovaTrade has failed to file any response to the Complaint. Because InovaTrade failed to answer or otherwise respond to the Complaint, on March 7, 2011, the CFTC filed a Motion for Entry of Clerk's Default, pursuant to Fed. R. Civ. Pro. 55(a). (DE # 8) The Clerk entered a default on March 28, 2011. (DE #9)

## IV. Findings of Fact

9.       The allegations of the Complaint are hereby taken as true. This Order is supported by the following facts:

### A.  Statutory and Regulatory Background

10.       On October 18, 2010, the CFTC enacted regulations implementing certain provisions of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 (Dodd-Frank Act), Pub. L. No. 111-203, Title VII (the Wall Street Transparency and Accountability Act of 2010), §§701-774, 124 Stat. 1376 (enacted July 21, 2010), and the CRA, to be codified at 7 U.S.C. §§ 1 *et seq.*, with respect to off-exchange forex transactions.

11.       Pursuant to Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa), an entity must be registered if it wants to solicit or accept orders from a non-ECP in connection with forex transactions at an RFED or futures commission merchant. InovaTrade is not one of the persons exempt from registration under

4

Section 2(c)(2)(C) (a financial institution, registered broker dealer, insurance company, financial holding company, or investment bank holding company).

12.     For the purposes of trading forex, a "retail foreign exchange dealer" is defined in Regulation 5.1(h)(1), to be codified at 17 C.F.R. § 5.1(h)(1), as any person that is, or offers to be, the counterparty to a retail forex transaction, except for a person described in sub-paragraph (aa), (bb), (cc)(AA), (dd), (ee), or (ff) of Section 2(c)(2)(B)(i)(II) of the Act.  These exceptions, which do not apply to InovaTrade, pertain to certain financial institutions, brokers and dealers registered under the Securities Exchange Act of 1934 and associated persons thereof, futures commission merchants, insurance companies, financial holding companies, and investment bank holding companies.

13.     An ECP is defined by the Act, in relevant part, as an individual with total assets in excess of (i) $10 million, or (ii) $5 million and who enters the transaction "to manage the risk associated with an asset owned or liability incurred, or reasonably likely to be owned or incurred, by the individual." Section 1a(12)(A)(xi) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 1a(12)(A)(xi).

14.     Pursuant to Regulation 5.3(a)(6)(i), to be codified at 17 C.F.R. § 5.3(a)(6)(i), in connection with forex transactions, all RFEDs must be registered with the CFTC as of October 18, 2010.

**B.  InovaTrade**

15.     InovaTrade, through its website, www.inovatrade.com, solicits and accepts orders from U.S. customers who are non-ECPs to open leveraged forex trading accounts at InovaTrade. InovaTrade acts as an RFED by either being or offering to be the counterparty to retail forex transactions.  InovaTrade offers "Demo, Mini, Standard, Managed, Institutional and Prime

5

Broker Account[s]" to non-ECPs. InovaTrade also has a Retail Account which is "[d]esigned for Traders new to the Forex market and those trading smaller volumes[.] Retail Accounts allow Investors to trade smaller trade sizes," and "InovaTrade offers up to 500:1 leverage in Retail Accounts."

16.     InovaTrade offers its RFED services to citizens and residents of the United States. Prior to January 27, 2011, before entering the InovaTrade website, a user would select his or her region; one of which was "the United States." InovaTrade also used a "US disclaimer," wherein it discussed trading accounts of U.S. citizens and residents at InovaTrade. Further, under "Live Account FAQs," it listed the specific documents needed for U.S. citizens and residents to open a live trading account at InovaTrade.

17.     InovaTrade specifically states that "InovaTrade Inc. is acting sometimes as a counterparty in these transactions and, therefore, acts as the buyer when you sell and the seller when you buy." InovaTrade also offers "straight-through processing" (STP) to a "liquidity provider." Under its STP method of execution, InovaTrade acts or offers to act as the counterparty with the customer in creating one transaction while finding another counterparty to make an offsetting transaction with InovaTrade. In either method of execution, InovaTrade is or offers to be the counterparty."

18.     Thus, InovaTrade has been and is acting as an RFED and has been and is soliciting non-ECPs to trade forex at InovaTrade. But, InovaTrade has not registered with the CFTC, as required by the Act and Regulations.

19.     Since the filing of the Complaint, InovaTrade has altered its website. The initial homepage where visitors click on their regions no longer has a link for visitors to click on "the United States." Further, a non-ECP in the United States who attempts to access the website by

6

opening the "Global Site" link receives this message: "This InovaTrade Site is not available in your jurisdiction." However, a non-ECP in the United States may access the site by simply entering www.inovatrade.com/gl into a web browser.

20.     It appears InovaTrade currently has U.S. customers who are non-ECPs. One such customer contacted the CFTC after the filing of this lawsuit. On April 21, 2011, the customer confirmed that InovaTrade is still soliciting and accepting orders from him in connection with forex transactions.

## V. CONCLUSIONS OF LAW

21.     Federal Rule of Civil Procedure 55(b)(2) provides that judgment by default may be entered by a district court. The grant or denial of a motion for default judgment lies within the district court's sound discretion. *Federal Trade Comm. v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir. 1977). Further, if a district court determines that a defendant is in default, then the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. *See* Fed. R. Civ. P. 8(b) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *Pope v. United States*, 323 U.S. 1, 12 (1944); *Benny v. Pipes*, 799 F.2d 489, 495 (9th Cir. 1986) (providing that well-pleaded allegations are taken as admitted on default judgment).

22.     Given the procedural posture of this case and based upon the evidence before the Court, the allegations in the Complaint against InovaTrade should be taken as true for purposes of the CFTC's Application and a default judgment should be entered against InovaTrade.

### A.     Jurisdiction and Venue

Section 6c(a) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 13a-1(a), authorizes the CFTC to seek injunctive relief against any person whenever it shall appear to the

7

CFTC that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of the Act or any rule, regulation, or order thereunder.  The CFTC has jurisdiction over the conduct and transactions at issue in this case pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006), and Section 2(c)(2) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2).

## 1. Congress Has Established the CFTC's Jurisdiction over Forex Transactions

23.     Under Section 2(c)(2)(C) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C), the CFTC has jurisdiction over InovaTrade's forex transactions if three criteria are met: (1) the transactions are offered or entered into (i) with a person that is a non-ECP and (ii) on a leveraged or margined basis or financed by the offeror, counterparty, or person acting in concert with either the offeror or counterparty; (2) the transactions do not result in actual delivery within two days or otherwise create an enforceable obligation to make or take delivery in connection with the parties' line of business; and (3) neither the counterparty to the transactions with the non-eligible contract participant nor the defendant is one of certain enumerated persons.  Section 2(c)(2)(C)(i) and (ii) of the Act, as amended by the CRA.  The forex transactions at InovaTrade meet all three criteria.

### a. InovaTrade Offers to, or Enters into, Transactions with U.S. customers who are non-ECPs on a Leveraged or Margined Basis

24.     The first jurisdictional element requires that the transactions be offered to, or entered into with, persons who are not "eligible contract participants." Section 2(c)(2)(C)(i)(I)(aa) of the Act, as amended by the CRA.  The Act defines an "eligible contract participant," in relevant part, as an individual with total assets in excess of (i) $10 million, or (ii) $5 million and who enters the transaction "to manage the risk associated with an asset owned or

8

liability incurred, or reasonably likely to be owned or incurred, by the individual." Section

1a(12)(A)(xi) of the Act, to be codified at 7 U.S.C. § 1a(12)(A)(xi).[1]  In the instant case,

InovaTrade offers to enter into transactions with customers who were non-ECPs.  InovaTrade's

website specifically states: "You can begin trading with InovaTrade even if you don't have

thousands of dollars in risk capital.  Now you can open a Retail Account with InovaTrade for

only $500."  In addition to offering forex transactions to persons who are non-ECPs, InovaTrade

allows customers to invest on a margined basis.  In other words, InovaTrade allows customers to

invest with only a percentage of the value of the forex contracts that they purchase or intend to

purchase.  Customers are only required to keep sufficient funds in their accounts to meet

InovaTrade's margin requirements.

### b.  InovaTrade's Transactions Do Not Result in Actual Delivery or Create an Enforceable Obligation to Deliver

25.     The second jurisdictional element requires that InovaTrade's transactions neither

result in delivery of foreign currency nor create an enforceable obligation to do so between a

buyer and seller that have the ability to make and take delivery in connection with their line of

business.  Section 2(c)(2)(C)(i)(II)(bb) of the Act, as amended by the CRA, to be codified at 7

U.S.C. § 2(c)(2)(C)(i)(II)(bb).  InovaTrade's website does not provide customers with any

information regarding its ability to send or receive actual delivery of foreign currency.

InovaTrade also makes no inquiry about its customers' ability to send or receive actual delivery

of foreign currency prior to opening their accounts.  Without providing such information,

InovaTrade's ability to make and take actual delivery or create an enforceable obligation to do so

is highly unlikely, if not impossible.  Therefore, the second jurisdictional element is satisfied.

---

[1]     The CRA did not amend this section of the Act.

### c. InovaTrade Is Not Among Certain Enumerated Persons Exempted from Section 2(c)(2)(C)

26.    The third element required for CFTC jurisdiction is that the counterparty to the transaction offered to the person who is a non-ECP and the defendant are not one of certain excluded persons exempt from Section 2(c)(2)(C).  Specifically, Section 2(c)(2)(C) of the Act, as amended by the CRA, excludes the following persons and their associated persons from coverage: financial institutions, registered broker dealers, insurance companies, financial holding companies, and investment bank holding companies. Here, the counterparty to the non-ECP customer's transaction is the defendant, InovaTrade.  InovaTrade is not a financial institution, registered broker-dealer, insurance company, financial holding company, or an investment bank holding company.  Moreover, InovaTrade's website shows that its business appears to be marketing and offering retail forex individuals, irrespective of their net worth.  Thus, the third and final element for jurisdiction over InovaTrade's forex transactions is satisfied.

### 2. Venue is proper in the Western District of Missouri

27.    Venue properly lies with the Court pursuant to Section 6c(e) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 13a-1(e), because certain transactions, acts, practices, and courses of business alleged in this Complaint occurred, are occurring, and/or are about to occur within this District.

### B.    InovaTrade Violated Applicable Registration Requirements

28.    In its Complaint, the CFTC alleged that InovaTrade has violated, and is continuing to violate, certain provisions of the Act, as amended by the CRA, and the Regulations.  Namely, InovaTrade has failed to comply with registration requirements applicable to entities engaged in the forex industry.  The Act's registration requirements for commodity professionals are a cornerstone of the regulatory framework enacted by Congress to protect the

public.  Registration is critical to the CFTC's ability to perform its statutory functions of

monitoring and enforcing the Act.  InovaTrade's failure to register with the CFTC is a serious

offense, and not a mere technical violation of the Act.  *CFTC v. British American Commodity*

*Options Corp.*, 560 F.2d 135, 139-140 (2d Cir. 1977) ("Registration is the kingpin in this

statutory machinery, giving the CFTC the information about participants in commodity trading

which it so vitally requires to carry out its other statutory functions of monitoring and enforcing

the Act.")

### 1.  InovaTrade Violated Section 2(c)(2)(C)(iii)(I)(aa) of the Act

29.     InovaTrade violated Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the

CRA, by soliciting and accepting orders from U.S. customers who are non-ECPs in connection

with forex transactions at an RFED without being properly registered.  Section

2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, specifically states that

> A person, unless registered in such capacity as the Commission by rule,
> regulation, or order…[,] shall not— (aa) solicit or accept orders from any person
> that is not an eligible contract participant in connection with agreements,
> contracts, or transactions described in clause (i) of this subparagraph entered into
> with or to be entered into with a person who is not described in item (aa), (bb),
> (dd), (ee), or (ff) of subparagraph (B)(i)(II).

The transactions referred to are leveraged or margined forex transactions conducted with persons

who are non-ECPs at an RFED.  These transactions do not result in actual delivery of the traded

foreign currency within two days or create an enforceable obligation to deliver the foreign

currency.

30.     As established above, InovaTrade solicits and enters into leveraged or margined

forex transactions with U.S. customers who are non-ECPs that do not involve actual delivery of

foreign currency or any obligation to do so.  The transactions (*i.e.*, the buying and selling of

foreign currency pairs) will occur between the U.S. customers who are non-ECPs and

11

InovaTrade.  In other words, InovaTrade is soliciting and entering into orders with U.S. customers who are non-ECPs on its own behalf.  According to the information on its website and available from the applicable regulatory bodies, however, InovaTrade is not one of the persons exempt from Section 2(c)(2(C) (a financial institution, registered broker dealer, insurance company, financial holding company, or investment bank holding company).  Thus, because InovaTrade is not registered in any capacity with the CFTC, it has violated Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA.

## 2.  InovaTrade Violated and Section 5.3(a)(6)(i) of the Regulations

31.    InovaTrade also violated Regulation 5.3(a)(6)(i) by operating as an RFED without properly registering.  Regulation 5.3(a)(6)(i) plainly provides that it is unlawful for any RFED to operate as such without registering.  Regulation 5.1(h)(1), to be codified at 17 C.F.R. § 5.1(h)(1), defines an RFED as any person that is, or offers to be, the counterparty to a forex transaction, except for the following specifically enumerated entities: financial institutions, registered broker-dealers, certain futures commission merchants, insurance companies, financial holding companies or investment bank holding companies.  Again, InovaTrade does not fall within any of these specifically enumerated categories.  Nonetheless, it solicits and enters into forex transactions with customers.  Due to its failure to register with the CFTC, InovaTrade has violated Regulation 5.3(a)(6)(i).

## VI. ORDER FOR PERMANENT INJUNCTION AND ANCILLARY RELIEF

32.    The CFTC has shown that InovaTrade has engaged, is engaging, and is about to engage in acts and practices which violate Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, and Regulation 5.3(a)(6)(i).  Notwithstanding its default, the totality of the circumstances establish that, unless restrained and enjoined by this Court, there is a reasonable

12

likelihood that InovaTrade will continue to engage in the acts and practices alleged in the Complaint and in similar acts and practices in violation of the Act, as amended by the CRA, and the Regulations.  In addition, the imposition of other ancillary equitable relief is required to comply with the basic objectives of the Act, as amended by the CRA, and the Regulations. Furthermore, the nature of InovaTrade's violations and the need to deter others from committing similar violations of the Act and Regulations warrants the imposition of a civil monetary penalty.

**IT IS HEREBY ORDERED THAT:**

33.     InovaTrade has violated Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, and Regulation 5.3(a)(6)(i).  Therefore, judgment shall be and hereby is entered in favor of the CFTC and against InovaTrade as follows:

**A.  Permanent Prohibition on Violations of Section 2(c)(2)(C)(iii)(I)(aa) of the Act and Regulation 5.3(a)(6)(i)**

34.     InovaTrade, all persons and entities insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of InovaTrade, and all persons and entities insofar as they are acting in concert or participation with InovaTrade, who receive actual notice of this order by personal service or otherwise, shall be permanently prohibited, enjoined, and restrained from directly or indirectly:

1. engaging in any conduct in violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa), including, but not limited to, soliciting or accepting orders from any person that is not an ECP in connection with forex transactions; and

2. engaging in any conduct in violation of Regulation 5.3(a)(6)(i), to be codified at 17 C.F.R. § 5.3(a)(6)(i), including, but not limited to, offering to be the counterparty to its customers' forex transactions.

**B.  Removal of InovaTrade's Website**

13

35.     InovaTrade, all persons and entities insofar as they are acting in the capacity of

agents, servants, employees, successors, assigns, or attorneys of InovaTrade, and all persons and

entities insofar as they are acting in concert or participation with InovaTrade, who receive actual

notice of this order, by personal service or otherwise, shall remove or cause to be removed from

the Internet all webpages posted or authorized by them to be posted in which InovaTrade solicits

or accepts orders or accounts from non-ECPs in connection with forex transactions or offer to be

the counterparty to customers' forex transactions whether through www.inovatrade.com, the

Uniform Resource Locater (URL) associated with such domain name, and/or any other domain

name or URL created, operated, hosted and/or authorized by InovaTrade, in whole or in part.

This includes, but is not limited to, submitting a removal request of the domain name(s)

associated with the aforementioned conduct and corresponding URL(s) to the appropriate web-

host provider and/or domain registration company.

36.     Any person or entity providing web-hosting or domain-name registration services

in the United States for any website, domain name, or affiliated URL under the ownership of

InovaTrade, in whole or in part, which InovaTrade uses to solicit or accept orders or accounts

from non-ECPs in connection with forex transactions at InovaTrade or to offer to be the

counterparty to customers' forex transactions, including, but not limited to,

www.inovatrade.com, the URL associated with such domain name, and/or any other domain

name or URL created, operated, hosted, and/or authorized by InovaTrade, in whole or in part,

who receives actual notice of this Order by personal service or otherwise shall:

1.     Remove or cause to be removed from the Internet all webpages, within their
control, which are posted or authorized to be posted by InovaTrade or any persons
and entities insofar as they are acting in the capacity of agents, servants,
employees, successors, assigns, or attorneys of InovaTrade, in which InovaTrade
1) solicits or accepts orders or accounts from non-ECPs in connection with forex

14

transactions at InovaTrade; or 2) offers to be the counterparty to customers' forex transactions;

2. preserve all documents related to any website operated, in whole or in part, under the name www.inovatrade.com, as well as any website that is substantially identical in appearance to that website; and

3. immediately notify counsel for the CFTC of any other web page or website operated or controlled by or on behalf of InovaTrade.

## C. Trading , Solicitation, and Registration Prohibitions

37. InovaTrade, all persons and entities insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of InovaTrade, and all persons and entities insofar as they are acting in concert or participation with InovaTrade who receive actual notice of this order, by personal service or otherwise, shall be permanently prohibited, enjoined, and restrained from directly or indirectly:

1. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 1a);

2. entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 32.1(b)(1), 17 C.F.R. § 32.1(b)(1) (2010)) ("commodity options"), and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts"), for their own personal account or for any account in which they have a direct or indirect interest;

3. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, and/or forex contracts;

4. soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, and/or forex contracts;

5. applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010); and

15

6. acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2010)), agent, or any other officer or employee of any person registered, exempted from registration or required to be registered with the CFTC except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010).

## D.  Civil Monetary Penalty

38.     Per Section 6c(d)(1) of the Act, 7 U.S.C. § 13a-1(d)(1), InovaTrade shall pay to the CFTC a civil monetary penalty of $280,000, plus post-judgment interest, for its violations of Section 2(c)(2)(C)(iii)(I)(aa) of the Act and Regulation 5.3(a)(6)(i)

39.     Post-judgment interest shall accrue beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on that day, pursuant to 28 U.S.C. § 1961(a).

40.     InovaTrade shall pay the civil monetary penalty by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order.  Unless the payment is made by electronic funds transfer, it shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

Commodity Futures Trading Commission
Division of Enforcement
Attn:  Marie Bateman – AMZ-300
DOT/FAA/MMAC
6500 S. MacArthur Blvd.
Oklahoma City, OK 73169
Telephone: (405) 954-6569

41.     If InovaTrade chooses to make the payment by electronic funds transfer, it shall contact Marie Bateman or her successor at the above address to receive payment instructions and shall fully comply with those instructions.  InovaTrade shall submit its payment with a cover letter that identifies it and the name and docket number of this proceeding.  Copies of the cover letter and the form of payment shall be simultaneously transmitted to David Meister, Director,

16

Division of Enforcement, Commodity Futures Trading Commission, at the following address:

Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581; to Chief, Office of

Cooperative Enforcement, Division of Enforcement, at the same address; and to Rick Glaser,

Associate Director, Division of Enforcement, at the same address.

## VII. MISCELLANEOUS PROVISIONS

**IT IS FURTHER ORDERED THAT**

42.     Copies of this Order may be served by any means, including facsimile

transmission, e-mail, United Parcel Service and Federal Express, upon InovaTrade or any other

entity or person that may be subject to any provision of this Order.  Margaret Aisenbrey, Charles

Marvine, Stephen Turley, Rick Glaser, Joyce Brandt, and/or Gina Weydert, all employees of the

CFTC, are hereby specially appointed to serve process, including this Order and all other papers

in this cause.

43.     All pleadings, correspondence, notices or other materials required by this Order

before May 20, 2011 shall be sent to Margaret Aisenbrey, Trial Attorney, Division of

Enforcement, Commodity Futures Trading Commission, Two Emanuel Cleaver II Blvd.,

Suite 300, Kansas City, MO 64112.  All pleadings, correspondence, notices or other materials

required by this Order on or after May 20, 2011 shall be sent to Margaret Aisenbrey, Trial

Attorney, Division of Enforcement, Commodity Futures Trading Commission, 4900 Main Street,

Suite 500, Kansas City, MO 64112.

44.     This Court shall retain jurisdiction of this cause to assure compliance with this

Order and for all other purposes related to this action.

45.     <u>Partial Payments</u>:  Any acceptance by the CFTC of partial payment of the civil

monetary penalty obligation shall not be deemed to be a waiver of the respective requirement of

Defendants to make further payments pursuant to this Order, or a waiver of the CFTC's right to seek to compel payment of any remaining balance.

46.     Equitable Relief: The equitable relief provisions of this Order shall be binding upon InovaTrade and any person who is acting in the capacity of agent, employee, servant, or attorney of InovaTrade, and any person acting in active concert or participation with InovaTrade, who receives actual notice of this Order by personal service or otherwise.

47.     Costs and Fees:  Upon application by the CFTC to this Court for its costs and fess in bringing this action, InovaTrade will be ordered to pay costs and fees as permitted by 28 U.S.C. §§ 1920 and 2412(a)(2).

48.     There being no just cause for delay, the Clerk of the Court shall enter final judgment against InovaTrade without further delay.

**SO ORDERED, ADJDGED and DECREED**, this 6<u>th</u> day of <u>July</u>, 2011 at Kansas City, Missouri.

                                        s/ NANETTE K. LAUGHREY
                                        UNITED STATES DISTRICT JUDGE

18