# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:11-cv-00092-NKL ) ) |
| INNOVATRADE, INC., | ) ) |
| Defendant. | ) ) |

## ORDER

This case concerned Defendant Innovatrade, Inc.'s violation of the Commodity Exchange Act and related regulations. The Court entered judgment against Innovatrade on 7/6/2011 and the case was closed. Michael Alcocer, who was not a party to the case, has now filed three motions and a notice. The first motion is to appoint counsel to represent Innovatrade. Doc. 25 (filed 9/8/2017).

Alcocer also filed a "Motion to Establish That Innovatrade Was a Panamanian Forex Broker Dealer," in which he argues that the Commodity Exchange Act did not apply to Innovatrade, Plaintiff U.S. Commodity Futures Trading Commission lacked standing, and this Court lacked jurisdiction to enter the judgment. Doc. 27 (filed 9/12/2017).

Finally, Alcocer filed a notice of "CFTC['s] Failure to Effect Service to Defendant Innovatrade Inc.," Doc. 28 (filed 9/18/2017), and a "Motion to Establish that Michael John Alcocer Was the CEO of the Florida Subsidiary From I Holding, Inc., and Not the CEO of The Defendant Innovatrade, Inc.," Doc. 29 (Doc. 9/18/2017). Alcocer argues that Innovatrade was not properly served with process; any attempt to have served him with process on behalf of Innovatrade was not effective because he is not and was not the CEO of Innovatrade; and

Innovatrade was a subsidiary company and was dissolved before the CFTC complaint was filed and judgment entered herein. Alcocer argues that the "instant civil enforcement action is obviously <u>restrained</u> against" the subsidiary. Doc. 29, pp. 2-3 (emphasis in original).

Alcocer is not a party to this case. He is not an attorney and may not file motions on behalf of Innovatrade. Furthermore, the motions cannot be construed as having been filed by Innovatrade, because Innovatrade is not represented by any attorney and a corporation cannot appear *pro se* in judicial proceedings. *United States v. Van Stelton,* 988 F.2d 70, 70 (8th Cir. 1993). Accordingly, Alcocer's motions, Docs. 25, 27, and 29, are not properly before the Court and must be denied.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated:  October 24, 2017
Jefferson City, Missouri